FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 23, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE ALFREDO MENDOZA-VACA,<br><br>Movant,<br><br>-vs-<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No.  2:17-CR-0101-WFN-2<br><br>ORDER DENYING § 2255 MOTION |

Before the Court is Mr. Mendoza-Vaca's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence. ECF No. 1463. The Motion is submitted by Mr. Mendoza-Vaca, who is appearing *pro se* in these proceedings.

## BACKGROUND

Mr. Mendoza-Vaca was indicted for: (1) conspiracy to distribute 500 g or more of a mixture or substance containing cocaine and 500 g or more of a mixture or substance containing methamphetamine; (5) distribution of 500 g or more of a mixture or substance containing cocaine and 500 g or more of a mixture or substance containing methamphetamine; (6) possession of firearms in furtherance of a drug trafficking crime; and (7) alien in possession of firearms, in a superseding indictment. Mr. Mendoza-Vaca pled to Counts 1S, 5S, and 6S. At the change of plea hearing the Government explained the elements of the charges and the Court reviewed the terms of the Plea Agreement with Mr. Mendoza-Vaca. The Court confirmed with Mr. Mendoza-Vaca that he had read and understood the Plea Agreement. Mr. Mendoza-Vaca assured the Court he had reviewed the Plea Agreement with counsel and understood the terms.

The Plea Agreement laid out the elements of the charges. ECF No. 785, ¶ 4. Regarding Count 6S, the Plea Agreement notes that the Government must prove that

ORDER ON § 2255 MOTION - 1

Defendant possessed the firearms in furtherance of a drug trafficking crime. ECF No. 785. In the factual description, the Plea Agreement notes that Mr. Mendoza-Vaca stipulated that the facts described in the Plea Agreement are accurate. According to the factual description, firearms were located in Mr. Mendoza-Vaca's residence along with baggies and scales. ECF No. 785 at pg. 12. Lastly, in the section entitled "Appeal Rights" the Plea Agreement states that Mr. Mendoza-Vaca waived his right to appeal his conviction and sentence unless he was sentenced above the guideline range as determined at sentencing. *Id* at pg. 17.

The Court sentenced Mr. Mendoza-Vaca on June 6, 2019. Mr. Mendoza-Vaca faced a guideline range of 168 – 210 months. However, the Court sentenced him to 84 months, half of the low-end of the guideline range. The Judgment was entered on the same day of sentencing.

## DISCUSSION

The statute provides that only if the Motion, file and records "conclusively show that the movant is entitled to no relief" may the Court summarily dismiss the Motion without sending it to the United States Attorney for response. 28 U.S.C. § 2255(b). The Rules regarding Section 2255 Proceedings similarly state that the Court may summarily order dismissal of a 2255 motion without service upon the United States Attorney only "if it plainly appears from the motion, and any attached exhibits, and the record of prior proceedings that the movant is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(a), RULES-SECTION 2255 PROCEEDINGS. Thus when a movant fails to state a claim upon which relief can be granted or when the motion is incredible or patently frivolous, the district court may summarily dismiss the motion. *Cf. United States v. Burrows*, 872 F.2d 915, 917 (9th Cir. 1989); *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

To gain relief, Mr. Mendoza-Vaca must establish that (1) he is in custody under a sentence of this federal court; (2) his request for relief was timely; and (3) the court lacked either personal or subject matter jurisdiction, the conviction or sentence is unconstitutional, the conviction or sentence violates federal law, or the sentence or judgment is otherwise

open to collateral attack.  28 U.S.C. § 2255.  Mr. Mendoza-Vaca has established that he is in custody under a sentence of this federal court.

## STATUTE OF LIMITATIONS

The statute establishes a one year period of limitation for filing a § 2255 motion which runs from the latest of

(1)  the date on which the judgment of conviction becomes final;

(2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f) (West 2013).  The Motion is untimely unless 1) facts exist that would extend the one year period of limitation or 2) extraordinary circumstances exist which require equitable tolling of the period of limitation.

The Ninth Circuit has ruled that equitable tolling is an alternative basis for finding a petition to be timely.  *United States v. Battles,* 362 F.3d 1195, 1196 (9th Cir. 2004). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). An extraordinary circumstance is some external impediment that caused his untimeliness.  *Bryant v. Arizona Atty. Gen.,* 499 F.3d 1056, 1061 (9th Cir. 2007). The circumstance must be beyond the prisoner's control.  *Spitsyn v. Moore,* 345 F.3d 796, 799 (9th Cir. 2003).  In addition, the prisoner must show a causal connection between the extraordinary circumstance and his failure to timely file his motion.  *Id.* Although equitable tolling is justified in a few cases, the threshold to establish such tolling is very high." *Id*.

Mr. Mendoza-Vaca acknowledges that his motion was filed after the one year statute of limitations, but argues that the motion is timely because he was unaware that an appeal had not been filed and that restrictions within the prison to curb the spread of COVID-19 prevented him from filing the motion in a timely manner.  A pandemic certainly qualifies as an extraordinary circumstance; however, it would have been helpful had Mr. Mendoza-Vaca described the impediment that prevented him from filing the motion in a timely manner. Several months elapsed prior to the pandemic during which Mr. Mendoza-Vaca could have timely filed his motion. Typically, the Court would enter an order to show cause why the case should not be dismissed for failure to comply with the statute of limitations.  However, as detailed below, the Court concludes that the file and records conclusively show that Mr. Mendoza-Vaca is ineligible for relief, so Mr. Mendoza-Vaca need not provide additional briefing in support of tolling.

To support his argument that that the conviction violated federal law Mr. Mendoza-Vaca forwards three grounds for relief: (1) his counsel performed ineffective assistance by failing to file an appeal; (2) the plea was inadequate because the facts recited in the Plea Agreement did not support a nexus between the firearms and the drugs; and (3) the plea was not knowing and voluntary because the elements were not fully explained.  None of the grounds argued support vacating Mr. Mendoza-Vaca's plea.

First, failure to file an appeal when the appeal has been waived does not constitute ineffective assistance of counsel.  In order to prevail on his ineffective assistance claims, Mr. Mendoza-Vaca must prove that counsel's performance was deficient and that he was prejudiced by this deficient performance. *United States v. Strickland,* 466 U.S. 668, 687 (1984).  Mr. Vovos' performance was not deficient.  He was under no obligation to file an appeal where appeal had been waived.

As for the adequacy of the factual basis of the plea, Mr. Mendoza-Vaca acknowledged that both firearms and indicia of drug distribution were located in his residence.  "Whether the requisite nexus is present may be determined by examining, inter alia, the proximity, accessibility, and strategic location of the firearms in relation to the locus of drug activities."

ORDER ON § 2255 MOTION - 4

*United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006). During the plea colloquy Mr. Mendoza-Vaca acknowledged that he had guns in his home for protection. He further admitted that he had drugs and money stored in his home. Though the guns were not solely intended to protect the drugs and money, he possessed the guns to protect everything in his home which included the drugs and money.

Lastly, Mr. Mendoza-Vaca posits that his plea was not knowing and voluntary because the elements were not fully explained. "To prove that [defendant] possessed a firearm in furtherance of a drug trafficking crime in violation of § 924(c)(1)(A), the government must show that (1) [defendant] participated in the conspiracy to traffic in prescription drugs; (2) [defendant] possessed the firearm; and (3) [defendant's] possession of the firearm was 'in furtherance' of the drug trafficking conspiracy." *United States v. Rios*, 449 F.3d 1009, 1012 (9th Cir. 2006). As indicated earlier, the Plea Agreement enumerated the elements of the charge as detailed above. At the change of plea hearing, the Government reiterated the elements on the record. Mr. Mendoza-Vaca was doubly informed of the elements of the crime charged.

In conclusion, though Mr. Mendoza-Vaca's motion is likely not timely, the Court concludes that he is not entitled to relief on the merits of his claims. Consequently, Mr. Mendoza-Vaca's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, is denied.

## CERTIFICATE OF APPEALABILITY

An appeal of this Order may not be taken unless this Court or a circuit justice issues a certificate of appealability finding that "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2013). This requires a showing that "reasonable jurists would find the district Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the Court's preceding analysis, the Court concludes that jurists of reason would not differ with the Court's conclusion. Thus a certificate of appealability should not issue.

The Court has reviewed the file and Movant's Motion and is fully informed. Accordingly,

**IT IS ORDERED** that Mr. Mendoza-Vaca's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed November 11, 2020, **ECF No. 1463**, is **DENIED**.

The District Court Executive is directed to:

- File this Order,
- Provide copies to counsel and *pro se* Movant
- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; **AND**
- **CLOSE** the corresponding civil file, 2:20-CV-00420-WFN.

**DATED** this 23rd day of November, 2020.

11-13-20

_____
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER ON § 2255 MOTION - 6